United States District Court
Southern District of Texas
**ENTERED**
May 28, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| ANDREW J MITCHELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 3:26-cv-00096 |
| | § | |
| LIONHEART FUNDING, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**MEMORANDUM AND RECOMMENDATION**

On March 25, 2026, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 10. Judge Edison filed a memorandum and recommendation sua sponte on April 30, 2026, recommending that that the court order the conditional dismissal of this lawsuit without prejudice unless the plaintiff appears through licensed counsel within 30 days from the date the memorandum and recommendation is adopted. Dkt. 22.

On May 12, 2026, the plaintiff filed his objections to the memorandum and recommendation. Dkt. 23. The plaintiff simultaneously filed a motion for appointment of counsel, a motion to stay, and a motion for leave to file first amended complaint, requesting the same relief requested in his objections. Dkts. 24, 25, 27. Because these motions request the same relief requested in the plaintiff's objections, the court will address these two motions alongside the

plaintiff's objections. In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court.

The plaintiff first objects that Judge Edison misapplied certain authorities cited in his memorandum and recommendation, and that he treated as controlling authority the opinion issued in *M2 Technology, Inc. v. M2 Software, Inc.*, 589 F. App'x 671 (5th Cir. 2014). Dkt. 23 at 2. This objection is overruled. "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). It is this centuries-old, binding precedent that underpins Judge Edison's memorandum and recommendation. Binding Fifth Circuit authority is not required for this court to follow the uniform rule adopted by every federal court to confront the issue and hold that where "the lay individual chose to accept the advantages of incorporation," he "must now bear the burdens of that incorporation; thus, he must have an attorney present the corporation's legal claims." *Jones v. Niagara*

*Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (quotation omitted). Assignment of an LLC's claims does not defeat this rule.

The plaintiff next objects that he has standing as the real party in interest under *Sprint Communications Co. v. APCC Services, Inc.*, 554 U.S. 269 (2008). This objection is overruled. *Sprint* did not address whether a non-lawyer may proceed pro se on behalf of an LLC and has no bearing here.

In his third objection, the plaintiff argues that Judge Edison overlooked his direct individual-capacity claims. The court need not address this objection because the plaintiff has already requested leave to amend his complaint. Leave is granted so that the plaintiff may clarify his individual interest in his claims.

In his fourth and final objection, the plaintiff argues that Judge Edison should have considered appointing counsel under 28 U.S.C. § 1915(e)(1) and *Naranjo v. Thompson*, 809 F.3d 793 (5th Cir. 2015). This objection is overruled. The United States Supreme Court held more than 30 years ago that § 1915 extends only to natural persons. *See Rowland*, 506 U.S. at 208. Thus, the court has no power to appoint counsel to a corporate plaintiff under § 1915. While the Fifth Circuit recognized a district court's "inherent power to appoint counsel for an insolvent corporate criminal defendant," this court is unaware of any authority that would support appointing counsel for a corporate *plaintiff* in *civil* litigation. *Naranjo*, 809 F.3d at 802. Assuming the court has such inherent power, the court declines to use it. If the value of this litigation is as great as the plaintiff believes,

he should have no difficulty securing counsel on a contingency basis. For this reasons, the court also declines to appoint counsel for plaintiff as an individual.

It is therefore ordered that:

(1)   Judge Edison's memorandum and recommendation (Dkt. 22) is approved and adopted in its entirety as the holding of the court;

(2)   The plaintiff's motion for leave to file a first amended complaint (Dkt. 27) is granted;[1]

(3)   The plaintiff has 30 days from the date of this order to file an amended complaint asserting claims solely in his individual capacity and not as an assignee or the sole member of his LLC;

(4)   The plaintiff's motion for appointment of counsel (Dkt. 24) is denied;

(5)   This case is conditionally dismissed unless, within 30 days from the entry of this order, the plaintiff appears through licensed counsel to pursue his LLC's claims or files an amended complaint asserting only individual claims against the defendant and not as his LLC's sole member or as an assignee of his LLC's claims; and

(6)   The plaintiff's motion to stay (Dkt. 25) is granted, in that all other deadlines in this case are stayed for the next 30 days.

SIGNED on Galveston Island this 27th day of May, 2026.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[1] The court appreciates that the plaintiff attached his proposed first amended complaint to his motion for leave. Dkt. 27-1. However, because this complaint was drafted without the benefit of this order, the court will not direct the clerk to file said complaint onto the docket, as the plaintiff may wish to make additional changes upon receipt of this order. The plaintiff should either send his first amended complaint as a standalone document within the next 30 days or inform the court that he would like Dkt. 27-1 filed as his first amended complaint.